U.S. COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **AMERICAN BRASS ROD FAIR TRADE COALITION,** *et al.*, | )<br>)<br>) |
| Plaintiffs, | ) Before: Hon. _____<br>) |
| v. | )<br>) Court No. 24-00119<br>) |
| **UNITED STATES,** | )<br>) |
| Defendant. | )<br>) |

## COMPLAINT

The American Brass Rod Fair Trade Coalition and its members, Mueller Brass Co. and Wieland Chase LLC (hereinafter and collectively, "Plaintiffs"), file this complaint to contest the final determination by the U.S Department of Commerce (hereinafter, "Commerce") in the less-than-fair-value investigation of Brass Rod from India. The final determination was published in the Federal Register on April 22, 2024 (89 Fed. Reg. 29,300), with the resulting antidumping duty order published in the Federal Register on June 13, 2024 (89 Fed. Reg. 50,263). By and through their attorneys, Plaintiffs allege and state as follows:

## JURISDICTION

1.  Plaintiffs bring this action pursuant to Sections 516A(a)(2)(A)(i)(II) and (a)(2)(B)(i) of the Tariff Act of 1930, as amended (hereinafter, "the Act"), 19 U.S.C. §§ 1516a(a)(2)(A)(i)(II) and (a)(2)(B)(i). Consequently, this Court has jurisdiction over this matter by reason of 28 U.S.C. § 1581(c), which confers upon the U.S. Court of International Trade exclusive jurisdiction over civil actions commenced under Section 516A of the Act.

## STANDING

2. Plaintiffs are U.S. producers of a domestic like product to Brass Rod from India, the subject merchandise in the underlying less-than-fair-value investigation, and an association, a majority of whose members is composed of U.S. producers of a domestic like product to Brass Rod from India. Plaintiffs actively participated as petitioners in the less-than-fair-value investigation that is the subject of this appeal. Plaintiffs also submitted facts and argument to Commerce during the investigation. Plaintiffs are "interested parties" under 19 U.S.C. §§ 1677(9)(C), (F). As interested parties who were parties to the underlying proceeding, Plaintiffs have standing to bring this action pursuant to Section 516A(d) of the Act, 19 U.S.C. § 1516a(d), and 28 U.S.C. § 2631(c).

## TIMELINESS OF THIS ACTION

3. Commerce published notice of the final affirmative determination in the less-than-fair-value investigation of Brass Rod from India in the Federal Register on April 22, 2024. *Brass Rod From India: Final Affirmative Determination of Sales at Less Than Fair Value*, 89 Fed. Reg. 29,300 (Dep't Commerce Apr. 22, 2024) (hereinafter, "*Final Determination*").

4. Following issuance of a final affirmative material injury determination by the U.S. International Trade Commission (hereinafter, the "Commission"), Commerce published an antidumping duty order on imports of Brass Rod from India in the Federal Register on June 13, 2024. *Brass Rod From the Republic of Korea: Amended Final Antidumping Duty Determination; Brass Rod From Brazil, India, Mexico, the Republic of Korea, and South Africa: Antidumping Duty Orders; Brass Rod From the Republic of Korea: Countervailing Duty Order*, 89 Fed. Reg. 50,263 (Dep't Commerce June 13, 2024) (hereinafter, the "*Order*").

5. This action was commenced with the filing of the Summons on July 11, 2024,

ECF No. 1, within 30 days after publication of the *Order*. Accordingly, this action was timely commenced within the period specified in Section 516A(a)(2)(A)(i)(II) of the Act, 19 U.S.C. § 1516a(a)(2)(A)(i)(II), and U.S. CIT Rule 3(a) of the Rules in this Court.

6. This Complaint is filed within 30 days of the filing of the Summons in this action and is therefore timely under the statutorily-prescribed time limits set forth in Section 516A(a)(2)(A)(i)(II) of the Act, 19 U.S.C. § 1516a(a)(2)(A)(i)(II), and U.S. CIT Rule 3(a) of the Rules of this Court.

## STATEMENT OF THE FACTS

7. On April 27, 2023, Plaintiffs filed a petition with Commerce and the Commission on behalf of the domestic industry producing Brass Rod alleging that imports of Brass Rod from India were being sold at less than fair value and causing material injury to the domestic industry.

8. Commerce initiated a less-than-fair-value investigation on Brass Rod from India on May 24, 2023. *Brass Rod From Brazil, India, Israel, Mexico, the Republic of Korea, and South Africa: Initiation of Less-Than-Fair-Value Investigations*, 88 Fed. Reg. 33,575 (Dep't Commerce May 24, 2023).

9. On June 16, 2023, the Commission preliminarily determined that there is a reasonable indication that an industry in the United States is materially injured by reason of imports of Brass Rod from India. *Brass Rod from Brazil, India, Israel, Mexico, South Africa, and South Korea, Investigation Nos. 701–TA–686–688 and 731–TA–1612–1617*, 88 Fed. Reg. 39,477 (Int'l Trade Comm'n June 16, 2023).

10. Also in June 2023, Commerce selected Rajhans Metal Pvt Ltd ("Rajhans") and Rajhans Alloys Pvt Ltd ("Rajhans Alloys") as mandatory respondents for individual examination in the less-than-fair-value investigation of Brass Rod from India. Commerce subsequently

determined that Rajhans merged with Rajhans Alloys prior to the period of investigation and has since operated as a single entity. Commerce accordingly proceeded to treat Rajhans and Rajhans Alloys as the single entity Rajhans in the less-than-fair-value investigation and selected an additional mandatory respondent (M/S Shree Extrusions Limited) for individual examination.

11. Commerce issued the antidumping duty questionnaire to Rajhans in June 2023, and Rajhans submitted its responses in July and August 2023. Aided by deficiency comments submitted by Plaintiffs, Commerce subsequently issued supplemental questionnaires to Rajhans in September 2023, and Rajhans submitted its responses to those supplemental questionnaires in October 2023.

12. In October 2023, Plaintiffs submitted comments for Commerce's consideration in advance of the preliminary determination. In those comments, Plaintiffs raised concerns with Rajhans's proposed offset methodology for self-generated scrap at the brass rod production stage and urged Commerce either to deny Rajhans any brass rod scrap offset or to revise Rajhans's reported amounts in the preliminary determination. Plaintiffs also asked Commerce to deny Rajhans as unwarranted any adjustment for claimed work-in-process (hereinafter, "WIP").

13. On December 1, 2023, Commerce published its preliminary affirmative determination finding that imports of Brass Rod from India are being, or likely to be sold, in the United States at less than fair value. *Brass Rod From India: Preliminary Affirmative Determination of Sales at Less Than Fair Value, Postponement of Final Determination, and Extension of Provisional Measures*, 88 Fed. Reg. 83,900 (Dep't Commerce Dec. 1, 2023) (hereinafter, "*Preliminary Determination*").

14. In the *Preliminary Determination*, Commerce revised Rajhans's proposed scrap offset calculations for the brass rod production stage, but still granted the offset. Commerce

additionally granted Rajhans its requested WIP adjustment in the *Preliminary Determination* despite Plaintiffs' objections, although in doing so Commerce revised Rajhans's reported change in WIP inventory to avoid double counting of the WIP adjustment.

15. Commerce calculated a preliminary estimated weighted-average dumping margin for Rajhans of 9.41 percent. Based in part on Rajhans calculated dumping margin, Commerce determined a preliminary All-Others rate of 9.52 percent.

16. On November 27, 2023, aided by comments submitted by Plaintiffs, Commerce issued a second supplemental cost questionnaire to Rajhans, and Rajhans submitted its responses to that supplemental questionnaire on December 12, 2023.

17. In December 2023, Commerce conducted on-site sales (from December 4-8, 2023) and cost verifications (from December 18-22, 2023) of factual information submitted by Rajhans during the less-than-fair-value investigation.

18. In March 2024, Commerce afforded interested parties the opportunity to file case and rebuttal briefs before the agency. Plaintiffs in their case brief opposed the WIP adjustment Commerce granted to Rajhans in the *Preliminary Determination*. Plaintiffs explained how Rajhans's two-step cost-reporting methodology avoids the need to account for semi-finished goods WIP adjustments because that methodology already captures the cost of goods manufactured of the final product during the period of investigation. Plaintiffs further observed that granting Rajhans a WIP adjustment for saleable merchandise would be contrary to Commerce's practice. Plaintiffs additionally noted that Rajhans's WIP allocation methodology created nonsensical results because Rajhans applied the WIP adjustment on a product-specific basis in a manner that distorts reported costs.

19. In their case brief, Plaintiffs also raised the issue of the appropriate valuation of a

scrap offset. Plaintiffs observed that Rajhans valued its claimed offset for self-generated brass scrap according to the cost of pristine brass billets instead of the value of brass scrap itself and that any scrap offset should mirror the value of the brass scrap reintroduced into the billet production process. Plaintiffs urged Commerce in its case brief to correct the value of Rajhans's scrap offset in the final determination and proposed specific methodologies, including suggested programming language, for Commerce to accomplish that goal. Plaintiffs also argued that, should Commerce continue to grant the WIP adjustment in the final determination, additional reductions to Rajhans's scrap offset would be necessary.

20.    Following the submission of case and rebuttal briefs by interested parties, Commerce conducted a public hearing via videoconference on April 4, 2024.

21.    On April 22, 2024, Commerce published the *Final Determination* in the Federal Register.

22.    In the *Final Determination*, Commerce continued to include the change in WIP inventory as part of its calculations of Rajhans's cost of manufacturing in the *Final Determination*, notwithstanding Plaintiffs' arguments that such an adjustment is unnecessary in light of how Rajhans reported its costs and is contrary to Commerce's practice in granting a WIP adjustment. Commerce also did not make any additional adjustments to Rajhans's scrap offset despite continuing to account separately for WIP in its calculations.

23.    In the *Final Determina*tion, Commerce also agreed with Plaintiffs, in part, in finding that Rajhans's scrap offset methodology at the brass rod production stage was unreasonable. However, Commerce's attempt to revise the scrap offset valuation in the *Final Determination* by relying on a ratio of the weighted-average per-unit cost of reintroduced scrap at the billet production stage during the period of investigation and the weighted-average per-unit

value of the scrap offset at the brass rod production stage during the period of investigation failed to fully resolve the problem identified by Plaintiffs because it continued to distort the allocation of the scrap offset across various products, resulting in an understatement of the dumping margin. Commerce also did not address Plaintiffs' argument that the scrap offset would need to be further adjusted — if Commerce granted Rajhans' WIP adjustment — to ensure that the scrap offset for runaround scrap equals the net value of that scrap when reintroduced into the production of billet.

24. In the *Final Determination*, Commerce calculated an estimated weighted-average dumping margin for Rajhans of 2.19 percent. Based in part on Rajhans's calculated dumping margin, Commerce determined a final All-Others rate of 2.41 percent.

25. On June 11, 2024, the Commission published notice in the Federal Register of its affirmative determination that an industry in the United States is materially injured by reason of imports of Brass Rod from India found by Commerce to have been sold in the United States at less than fair value. *Brass Rod from Brazil, India, Mexico, South Africa, and South Korea; Determinations*, 89 Fed. Reg. 49,193 (Int'l Trade Comm'n June 11, 2024).

26. Commerce published the resulting *Order* on June 13, 2024.

## CLAIMS

### Count 1

27. Paragraphs 1 through 26 are incorporated herein by reference.

28. Commerce's unwarranted and distortive WIP adjustment for Rajhans in the Final Determination is unsupported by substantial evidence and otherwise is not in accordance with law.

**Count 2**

29. Paragraphs 1 through 28 are incorporated herein by reference.

30. Commerce's scrap offset valuation for Rajhans in the *Final Determination* is unsupported by substantial evidence and otherwise is not in accordance with law. Commerce's methodology in the *Final Determination* distorted the allocation of the scrap offset across various products, resulting in an understatement of the dumping margin.

**Count 3**

31. Paragraphs 1 through 30 are incorporated herein by reference.

32. Because it is based, in part, on Rajhans's calculated weighted-average dumping margin, which for the reasons stated above is unsupported by substantial evidence and otherwise is not in accordance with law, Commerce's calculation of the All-Others rate in the *Final Determination* is similarly unsupported by substantial evidence and otherwise is not in accordance with law.

**REQUEST FOR JUDGMENT AND RELIEF**

WHEREFORE, Plaintiffs specifically request that this Court:

a. Hold that the portions of Commerce's *Final Determination* that are complained of above are not supported by substantial evidence and are otherwise not in accordance with the law;

b. Remand this matter to Commerce for disposition consistent with the final opinion and order of the Court; and

c. Grant such further relief as this Court deems just and proper.

Respectfully submitted,

/ s / Jack A. Levy

Jack A. Levy, Esq.
Daniel J. Calhoun, Esq.
Paul K. Keith, Esq.

**ROCK CREEK TRADE LLP**
900 19th Street NW
Suite 600
Washington, DC 20006
Tel: (202) 230-6630
*Counsel for Plaintiffs American Brass Rod Fair Trade Coalition and its members, Mueller Brass Co. and Wieland Chase LLC*

## CERTIFICATION OF SERVICE TO INTERESTED PARTIES

PUBLIC SERVICE

*American Brass Rod Fair Trade Coalition, et al. v. United States*
Court No. 24–00119

This is to certify that on August 9, 2024, I have caused a copy of the foregoing **Complaint** to be served upon the following parties via certified mail, return receipt requested, and first-class international mail (*) at the following addresses:

Attorney-in-Charge
International Trade Field Office
Commercial Litigation Branch – Civil Division
**U.S. Department of Justice**
26 Federal Plaza
Room 346
New York, NY 10278-0140

Supervising Attorney
Civil Division
Commercial Litigation Branch
**U.S. Department of Justice**
P.O. Box 480
Ben Franklin Station
Washington, DC 20044

General Counsel
**U.S. Department of Commerce**
14th Street & Constitution Avenue, NW
Room 5875
Washington, DC 20230

Myles Getlan, Esq.
*Representative of American Brass Rod, Fair Trade Coalition, Mueller Brass Co, and Wieland Chase LLC*
**Cassidy Levy Kent (USA) LLP**
2112 Pennsylvania Avenue, NW
Suite 300
Washington, DC 20037

Brittney Powell, Esq.
*Representative of Rajhans Metals Private Limited, Rajhans Alloys Private Limited*
**Fox Rothschild LLP**
2020 K Street, NW
Suite 500
Washington, DC 20005

*Arpit Bhargava
*Representative of Shree Extrusions Limited*
**SBA Strategy Consulting LLP**
1 "Vishwa Shila"
Pareek College Road
Bani Park Jaipur – 302016
INDIA

                    */s/ Jack A. Levy*
                    Jack A. Levy, Esq.
                    **ROCK CREEK TRADE LLP**
                    900 19th Street, NW, Suite 600
                    Washington, DC 20006
                    (202) 230-6630

**CERTIFICATION OF SERVICE TO INTERESTED PARTIES**

PUBLIC SERVICE

*American Brass Rod Fair Trade Coalition, et al. v. United States*
Court No. 24–00119

    This is to certify that on August 9, 2024, I have caused a copy of the foregoing **Complaint** to be served upon the following parties via certified mail, return receipt requested, and first-class international mail (*) at the following addresses:

Attorney-in-Charge
International Trade Field Office
Commercial Litigation Branch – Civil Division
**U.S. Department of Justice**
26 Federal Plaza
Room 346
New York, NY 10278-0140

Supervising Attorney
Civil Division
Commercial Litigation Branch
**U.S. Department of Justice**
P.O. Box 480
Ben Franklin Station
Washington, DC 20044

General Counsel
**U.S. Department of Commerce**
14th Street & Constitution Avenue, NW
Room 5875
Washington, DC 20230

Myles Getlan, Esq.
*Representative of American Brass Rod, Fair Trade Coalition, Mueller Brass Co, and Wieland Chase LLC*
**Cassidy Levy Kent (USA) LLP**
2112 Pennsylvania Avenue, NW
Suite 300
Washington, DC 20037

Brittney Powell, Esq.
*Representative of Rajhans Metals Private Limited, Rajhans Alloys Private Limited*
**Fox Rothschild LLP**
2020 K Street, NW
Suite 500
Washington, DC 20005

*Arpit Bhargava
*Representative of Shree Extrusions Limited*
**SBA Strategy Consulting LLP**
1 "Vishwa Shila"
Pareek College Road
Bani Park Jaipur – 302016
INDIA

                                                           */s/ Jack A. Levy*
                                                           Jack A. Levy, Esq.
                                                           **ROCK CREEK TRADE LLP**
                                                           900 19th Street, NW, Suite 600
                                                           Washington, DC 20006
                                                           (202) 230-6630