**UNITED STATES COURT OF INTERNATIONAL TRADE**

| | |
|---|---|
| AMERICAN BRASS ROD FAIR TRADE COALITION, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant,<br><br>and<br><br>RAJHANS METALS PRIVATE LIMITED,<br><br>Defendant-Intervenor. | Before: Joseph A. Laroski, Jr., Judge<br>Court No. 24-00119 |

**COMMENTS IN SUPPORT OF REMAND RESULTS**

Pursuant to Rule 56.2(h)(3) of the United States Court of International Trade ("USCIT") and in accordance with the Court's Opinion and Order of July 1, 2026 (dkt. 48) ("*Remand Order*"), Plaintiffs American Brass Rod Fair Trade Coalition and its members, Mueller Brass Co. and Wieland Chase LLC, respectfully submit these comments in support of the *Final Results of Redetermination Pursuant to Court Remand* filed by the U.S. Department of Commerce ("Commerce") in this action (dkt. 51-1) ("*Remand Results*").

As an initial matter, no party submitted timely comments opposing Commerce's *Remand Results* in accordance with USCIT Rule 56.2(h)(2). In the absence of any opposition, the Court should sustain the *Remand Results* as being supported by substantial evidence, in accordance with law, and in compliance with the *Remand Order*.

The *Remand Results* correctly recognize that "allowing Rajhans' 'WIP Re-allocation' adjustment would result in a double counting of the change in work-in-process inventories."

*Remand Results* at 5. Accordingly, Commerce's decision in the *Remand Results* to disallow the work-in-process ("WIP") inventory change adjustment claimed by Rajhans Metals Private Limited ("Rajhans") is supported by substantial evidence and complies with the *Remand Order*.

The *Remand Results* also correctly recognize an additional flaw to Rajhans' originally applied scrap offset methodology, which is that "the scrap offsets for some products were higher or lower than the period of investigation weighted average per-unit scrap cost which Rajhans used for the reintroduced runaround scrap value at the billet production stage." *Id.* at 8. Commerce appropriately corrected for this distortion in the *Remand Results* by using a single average per-unit scrap value. *See id.* at 8-12. Therefore, Commerce's reexamination of Rajhans' scrap offset methodology is supported by substantial evidence, is in accordance with law, and complies with the *Remand Order*.

Finally, Commerce appropriately recalculated the All Others rate in the *Remand Results* to reflect changes to Rajhans' recalculated dumping margin. *See id.* at 13.

Because Commerce's *Remand Results* thoroughly address the Court's concerns as identified in the *Remand Order*, are supported by substantial record evidence, and are otherwise in accordance with law and because no party opposes the *Remand Results*, we respectfully ask the Court to sustain the *Remand Results*.

Respectfully submitted,

/ s / Paul K. Keith

Paul K. Keith, Esq.
Daniel J. Calhoun, Esq.
Jack A. Levy, Esq.
Noah A. Meyer, Esq.
Neal M. Halper, *Director of Accounting*
Susan Moyer, *Director Data Analysis*
Carl P. Moyer, *Director Economic Analysis*
Hiroko K. Hagen, *Director Statistical Analysis*
Stan T. Bowen, CPA

ROCK CREEK TRADE LLP
900 19th Street NW, Suite 600
Washington, DC 20006
(202) 643-8874
pkeith@rockcreektrade.com

Dated: November 5, 2026

*Counsel for Plaintiffs American Brass Rod Fair Trade Coalition and its members, Mueller Brass Co. and Wieland Chase LLC*

# UNITED STATES COURT OF INTERNATIONAL TRADE

AMERICAN BRASS ROD FAIR TRADE COALITION, *et al.*,

Plaintiffs,

v.

UNITED STATES,

Defendant,

and

RAJHANS METALS PRIVATE LIMITED,

Defendant-Intervenor.

Before: Joseph A. Laroski, Jr., Judge
Court No. 24-00119

## ORDER

Upon consideration of Plaintiffs' *Comments in Support of Remand Results* and in the absence of any opposition to the *Final Results of Redetermination Pursuant to Court Remand* ("*Remand Results*") filed by the U.S. Department of Commerce (dkt. 51-1), it is hereby:

**ORDERED** that the *Remand Results* are sustained.

________________________
Joseph A. Laroski, Jr.
Judge

Dated: ________________________
New York, NY